895 F.2d 1413
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Marcia FOX, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 Nos. 89-1470, 89-1694.
 United States Court of Appeals, Sixth Circuit.
 Feb. 20, 1990.
 
 Before BOYCE F. MARTIN, Jr. and RYAN, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 RYAN, Circuit Judge.
 
 
 1
 Plaintiff Marcia Fox, on behalf of her infant daughter, Jamie L. Singleton, appeals from the district court's summary judgment order affirming the Secretary's denial of social security child's insurance benefits, 42 U.S.C. Sec. 402(d).
 
 
 2
 After examining the record carefully we conclude that substantial evidence supports the Secretary's decision that Jamie L. Singleton was not entitled to child's insurance benefits because her father, deceased insured wage earner, was not living with or contributing to the support of the child at the time of this death, 42 U.S.C. Sec. 416(h)(3)(C)(ii). Therefore, we affirm the district court's judgment in favor of the Secretary.
 
 I.
 
 3
 The insured wage earner who is the child's purported father, James L. Singelton, died on March 17, 1986. Two months later, Jamie L. Singelton was born to plaintiff, an unwed mother.
 
 
 4
 Plaintiff, on behalf of her child, applied for child's insurance benefits. Plaintiff asserted that James L. Singelton was her child's father, and that Singleton neither lived with her nor contributed to her support while she was pregnant.
 
 
 5
 Plaintiff's claim was denied initially, upon reconsideration, and after a hearing by an Administrative Law Judge (ALJ). The ALJ assumed Singleton was the child's father but concluded that there was no evidence to show Singleton was living with or contributing to the support of the posthumous child because plaintiff testified she did not live with Singleton and he did not contribute to her support, Sec. 416(h)(3)(C)(ii). The ALJ concluded the child was not a dependent of Singleton and therefore, did not qualify for survivor benefits.
 
 
 6
 The ALJ's denial of benefits became the final decision of the Secretary when the Appeals Council denied plaintiff's request for review. Plaintiff then brought this action for judicial review, 42 U.S.C. 405(g).
 
 
 7
 The district court found that substantial evidence supports the Secretary's denial of insurance benefits because the record shows Singleton did not contribute any economic support to plaintiff during her pregnancy and Singleton and plaintiff were not living together. Plaintiff then filed this appeal.
 
 II.
 
 8
 This court reviews the Secretary's denial of social security benefits under a substantial evidence standard. 42 U.S.C. Sec. 405(g).
 
 
 9
 An illegitimate child may be deemed the child of the deceased insured and receive child's insurance benefits if:
 
 
 10
 such insured individual is shown by evidence satisfactory to the Secretary to have been the mother or father of the applicant, and such insured individual was living with or contributing to the support of the applicant at the time such insured individual died.
 
 
 11
 42 U.S.C. Sec. 416(h)(3)(C)(ii).
 
 
 12
 It is undisputed that the deceased was the father of the child, however, plaintiff failed to show the deceased provided any financial support as required in order for the child to be eligible for survivor's benefits under 42 U.S.C. Sec. 416(g)(3)(C)(ii). Chester ex rel Chester v. Secretary of Health and Human Services, 808 F.2d 473, 477 (6th Cir.1987). Moreover, plaintiff admitted she was not living with the deceased during her pregnancy. Therefore, we conclude substantial evidence supports the Secretary's denial of child's insurance benefits and we AFFIRM.